Rosen, Kantrow & Dillon, PLLC
*Counsel for Debtor In Possession*
38 New Street
Huntington, New York 11743
(631) 423-8527
Scott T. Dillon

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Chapter 11

      84 ELTON LLC,                                            Case No.: 18-40038-nhl

                        Debtor.
--------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER
CONFIRMING DEBTOR'S SALE, FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND SECURITY INTERESTS, OF REAL
PROPERTY COMMONLY KNOWN AS 321 PULASKI STREET,
BROOKLYN, NEW YORK TO NISON BADALOV**

      SCOTT T. DILLON, being duly sworn, deposes and states as follows:

      1.     I am a member of Rosen, Kantrow & Dillon, PLLC, counsel to 84 Elton LLC, debtor and debtor-in-possession ("Debtor") in the above captioned matter. As such, I am fully familiar with the facts and circumstances described herein.

      2.     On March 14, 2018, Debtor, in furtherance of its intent to sell real property commonly known as 321 Pulaski Street, Brooklyn, New York, identified under Block 1594, Lot 61, in the County of Kings ("Real Property"), filed an application with the Court seeking authority to retain MYC & Associates, Inc. ("MYC") as its real estate broker. By Order entered on March 21, 2018 [ECF Doc. No. 28], the Court approved Debtor's retention of MYC as its real estate broker.

      3.     At approximately 12:30 p.m. on Thursday, May 17, 2018, Debtor, by and through MYC, conducted a public auction sale ("Auction Sale") of Debtor's Real Property.

4.      The Auction Sale was scheduled in accordance with this Court's Order dated May 3, 2018 ("Auction Sale Order") [ECF Doc. No. 41].  Prior to the Auction Sale, the Auction Sale Order was properly and timely served by Debtor upon those parties entitled to notice, as evidenced by the affidavit of service filed with the Court on May 3, 2018 [ECF Doc. No. 42].  Accordingly, notice of the Auction Sale was properly provided under sections 102, 363 (a), (b), (f) and (m), Title 11, United States Code ("Bankruptcy Code") and rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule").

5.      B&H Associates Group LLC ("B&H"), an affiliate of Debtor, is the fee simple owner of real property commonly known as 319 Pulaski Street, Brooklyn, New York, identified under Block 1594, Lot 62, in the County of Kings ("Adjacent Property").  The Adjacent Property is located directly next to the Real Property.  The Real Property and Adjacent Property shall hereafter be referred to as ("Properties").

6.      B&H similarly retained MYC as its real estate broker, by separate agreement, to sell the Adjacent Property, in addition to the Real Property, to enhance the values of both properties.  Debtor and B&H believe the sale of Real Property and Adjacent Property, as a bulk sale, would benefit all parties, as they would have greater interest to a developer as a larger building lot.  The Auction Sale Order vested MYC with the express authority to include the Adjacent Property in the Auction Sale.

7.      In accordance with the Auction Sale Order, MYC, on behalf of Debtor and B&H, solicited bids for the purchase of the Properties.  At the Auction Sale, Debtor and B&H entertained a spirted bid process from eight (8) potential buyers.  The Properties were first offered in bulk and then individually.

8. The opening bid to purchase the Properties in bulk was $1,200,000.00. Bidding increments for the Properties were set and remained at $25,000.00. After spirited bidding, a high bid of one million six hundred thousand dollars ($1,600,000.00), submitted by Nison Badalov ("Buyer"), 8245 Beverly Road, Kew Gardens, NY 11415, and was accepted by Debtor and B&H. A true copy of Buyer's executed memorandum of sale is annexed hereto as Exhibit "**A**".

9. Next, MYC opened up the bidding for the Real Property at $600,000.00, as an individual lot. Again, bidding increments were set and remained at $25,000.00. After spirited bidding, a high bid of seven hundred twenty five thousand dollars ($725,000.00) for the Real Property, submitted by Nissim Nizri, 688 Halsey Street, Brooklyn, NY 11223, was accepted by Debtor.

10. Lastly, MYC opened up the bidding for the Adjacent Property at $600,000.00. Again, bidding increments were set and remained at $25,000.00. After spirited bidding, a high bid of seven hundred thousand dollars ($700,000.00) for the Adjacent Property, submitted by Mattisyohu Davidson, 553 Willow Avenue, #201, Cedarhurst, NY 11516, was accepted by the B&H.

11. Debtor and B&H determined the bulk purchase offered by Buyer of one million six hundred thousand dollars ($1,600,000.00) ("Purchase Price") is the highest and best offer received for the sale of the Real Property, as well as the Properties. Annexed hereto as Exhibit "**B**" is the Report for the Auction Sale of the Real Property of MYC, Debtor's retained real estate broker.

12. Buyer, tendered to Debtor the sum of: (i) at the auction sale, sixty thousand dollars ($60,000.00) in certified funds; and (ii) thereafter, twenty thousand dollars ($20,000.00) in certified funds, as Buyer's good faith five percent (5%) deposit towards the Purchase Price. Upon

3

information and belief, MYC is in possession of eighty thousand dollars ($80,000.00) which represents B&H receipt of five percent (5%) deposit from Buyer for the purchase of the Adjacent Property. Buyer has tendered as a deposit towards the purchase of the Properties one hundred sixty thousand dollars ($160,000.00), or ten percent (10%) of the Purchase Price. Redacted copies of Debtor's receipt of such checks from Buyer are annexed hereto as Exhibit "**C**".

13. The second highest bidder from the Auction on the purchase of Real Property and Adjacent Property, as included in the bulk sale of the Properties, was submitted by Herman Stark ("<u>Backup Bidder</u>"), or his designees, in the amount of one million five hundred seventy five thousand dollars ($1,575,000.00). Debtor is in possession of sixty thousand dollars ($60,000.00) and B&H is in possession of sixty thousand dollars ($60,000.00) representing the good faith deposits of Backup Bidder. Debtor seeks authority of this Court to retain the deposit of Backup Bidder until such time as the sale of the Real Property to Buyer closes.

14. The sale to Buyer is an arm's length transaction, and the sale of Debtor's interest in Real Property to Buyer is being entered into in good faith by the parties hereto. As such, Debtor believes that Buyer will be acting in good faith under Bankruptcy Code section 363(m) in closing on the purchase of Real Property.

15. Moreover, Debtor's sale of Debtor's interest in Real Property to Buyer is a reasonable exercise of Debtor's business judgment. Debtor and its professionals actively marketed and advertised the Auction Sale of Real Property consistent with the terms of the Auction Sale Order. Buyer's offer for the purchase of Real Property represents the highest and best offer received by Debtor. Debtor believes that the Purchase Offer is fair and reasonable. As such, a valid business purpose exists for approval of the sale of Debtor's interest in Real Property to Buyer under Bankruptcy Code sections 363 (a), (b), (f) and (m).

16. Debtor and B&H have agreed that each entity shall be entitled to fifty percent (50%) of the Purchase Price, or eight hundred thousand dollars ($800,000.00). Debtor's portion of the Purchase Price for the bulk sale of the Properties is seventy five thousand dollars ($75,000.00) higher than the highest bid for the sale of Real Property, as an individual lot.

17. Debtor is in possession of deposits, for the then proposed sale of Real Property as an individual lot, of: (i) sixty thousand dollars ($60,000.00) from highest bidder, Nissim Nizri; and (ii) sixty thousand dollars ($60,000.00) from second highest bidder, Mattisyohu Davidson. By and through the proposed Order confirming the sale of the Real Property, Debtor seeks this Court's authority to return such deposits to the bidders, upon entry of the now proposed Order.

18. Accordingly, Debtor respectfully requests that this Court approve the annexed proposed Order confirming the sale of the Real Property to Buyer.

Dated: Huntington, New York  
       May 21, 2018

Rosen, Kantrow & Dillon, PLLC  
*Counsel to Debtor In Possession*

By:   /s/ Scott T. Dillon  
      Scott T. Dillon  
38 New Street  
Huntington, NY 11743  
Telephone: (631) 423-8527  
Email: sdillon@rkdlawfirm.com